# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL URIBE,

    Plaintiff,

v.

COLUMBIA PROPERTIES LAUGHLIN, LLC, a Nevada Limited Liability Company d/b/a RIVER PALMS RESORT CASINO, *et al*.,

    Defendants.

Case No. 2:11-CV-00173-KJD-RJJ

**ORDER**

Presently before the Court is Defendant Columbia Properties Laughlin, LLC's Motion to Dismiss (#8). Plaintiff filed a response in opposition (#10), to which Defendant replied (#17).

I. Background

Plaintiff Michael Uribe is a 71 year-old Hispanic male. On or about September 2005, Plaintiff began his employment with Defendant River Palms Resort Casino as a bellman. Throughout his employment, Defendant allegedly subjected Plaintiff to disparate treatment. Specifically, Plaintiff's supervisor, Richard Sipple allegedly harassed and threatened Plaintiff.

In or around 2007, Mr. Sipple attempted to terminate Plaintiff's employment. Plaintiff alleges that this attempted termination violated the Family Medical Leave Act ("FMLA"). Defendant's Human Resources Department circumvented this termination attempt, which allegedly escalated Mr. Sipple's hostility toward Plaintiff.

On August 27, 2010, Plaintiff was asked to drive a shuttle bus from Defendant's property to another property. The vehicle Plaintiff was driving accidentally collided with another vehicle but

Plaintiff failed to inform Defendant of the accident. Plaintiff was suspended on August 28, 2010 and his employment was subsequently terminated on September 2, 2010.

On or about October 13, 2010, Plaintiff filed a Charge of Discrimination ("Charge") by submitting a charge questionnaire against Defendant. (Defendant's Motion to Dismiss (Doc. No. 8, Exhibit A, p. 4 of 5)). On November 4, 2010, the EEOC filed a formal charge. Plaintiff received his right to sue letter on November 8, 2010.

II.  Standard or Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Accordingly, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is "more than a sheer possibility that a defendant has acted unlawfully," yet less than a "probability requirement." Id.

Pursuant to the two-prong analysis in Iqbal, the Court first identifies "the allegations in the complaint that are not entitled to the assumption of truth," meaning, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. Only a complaint "that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

III. Analysis

In order for the Court to have subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust his/her administrative remedies. See B.K.B. v. Maui Police Department, 276 F.3d 1091, 1099 (9th Cir. 2002).  To exhaust administrative remedies, a plaintiff must timely file a charge with the EEOC, or with the appropriate state agency, "thereby affording the agency an opportunity to investigate the charge." Id. In a Title VII action, the district court has jurisdiction to hear claims that are "like or reasonably related," to the allegations made in the underlying administrative charge. Sosa v. Hiraoka, 920 F.2d 1451, 1456-57 (9th Cir. 1990). A "Title VII complaint that asserts claims beyond the scope of the underlying administrative charge is subject to dismissal." Devereaux v. East Bay Conservation Corp., 1998 WL 917798, at *1 (N.D. Cal. 1998).

A. Claim of Retaliation in Charge

Here, Plaintiff fails to raise a claim of retaliation in his Charge.  While a charge does not have to contain the legal theory of retaliation, it must contain relevant factual allegations that would likely reveal a claim of retaliation if an investigation of the EEOC charge were conducted. See Vasquez v. County of Los Angeles, 349 F.3d 634, 646 (9th Cir. 2004). Here, Plaintiff did not raise anything in his Charge that suggests retaliation. The Charge is limited to allegations of an ADEA violation based on the August 2010 shuttle bus incident. Furthermore, nothing in the Charge suggests that Plaintiff engaged in a protected activity or that his termination was causally connected to a protected activity in order to support a retaliation claim. Additionally, although Plaintiff bases his retaliation claim on an FMLA violation stemming from Mr. Sipple's attempted termination of Plaintiff in 2007, he fails to mention this incident in his Charge.

B. Claim of Retaliation in Questionnaire

Although not mentioned in the Charge, Plaintiff provides an EEOC intake questionnaire that alleges a claim of retaliation as an exhibit to his opposition. (Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. No. 10, Exhibit 1, p. 2 of 4)). While it is proper for the Court to consider a plaintiff's relevant filings with the EEOC, even if they are not attached to the complaint, it is not

proper to consider questionnaires. See Holowecki v. Federal Express Corp., 440 F.3d 558, 565 (2d Cir. 2006); see also B.N.A., 276 F.3d at 1101 (Noting that "because the charge is intended to satisfy the *dual* purpose of establishing notice of the complainant's claims both to the agency *and* to the named respondent, review of a plaintiff's pre-complaint questionnaire in order to determine the scope of the charge may impair part of its statutory purpose."). However, if the charge itself is deficient in recording plaintiff's theory of the case due to negligence of the agency representative who completed the charge, then the plaintiff may present as evidence, the precomplaint questionnaire, showing that his claim for administrative relief was properly exhausted. See B.N.A., 276 F.3d at 1102.

Here, Plaintiff makes no allegation in his complaint regarding negligence on the part of the EEOC representative who completed the Charge. Additionally, the Charge contains no allegations of retaliation. Therefore, Plaintiff has not exhausted his administrative remedies and accordingly, this Court lacks jurisdiction.

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's fifth cause of action is **DISMISSED** without prejudice.

DATED this 28th day of June 2011.

_____
Kent J. Dawson
United States District Judge